IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES K. QUILLIAMS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. CIV-10-481-M ) |
| STATE OF OKLAHOMA, et al., | ) ) |
| Respondents. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been examined, and for the reasons set forth hereafter, the undersigned finds the petition is untimely and recommends that it be dismissed on filing.

## Background

Petitioner has filed a petition which contains almost no information regarding the basis for his habeas action. He asserts that he was convicted in Oklahoma County District Court and sentenced on November 23, 2005, to twenty years imprisonment following a plea of no contest to five counts: 1) kidnaping for the purpose of extortion; 2) robbery with a dangerous weapon; 3) assault with a dangerous weapon; 4) conspiracy to commit robbery;

and 5) conspiracy to commit a kidnaping. Petition, p. 2.[1] Petitioner states that he did not appeal from the conviction. Petition, p. 3. He fails to identify any grounds on which his habeas action is based, stating simply as to Grounds 1-4, "See Application." Petition, pp. 6, 7, 9, and 11. Petitioner has attached copies of seven documents to his petition, the first of which is an "Application for Writ of Habeas Corpus & Brief in Support." This application identifies the court in the caption as the District Court of Oklahoma County, is undated, and sets forth three "grounds": 1) his sentence was illegal due to the Court's doubt as to the Petitioner's competency at the time of sentencing; 2) his plea was not entered knowingly and voluntarily in light of the Court's doubt regarding his competency; and 3) he received ineffective assistance of counsel. Petition, Attachment 1.[2] Attached to this application is a Judgment and Sentence reflecting a date of November 23, 2005, in Case No. CF-2005-1218, Oklahoma County District Court. The undersigned has assumed therefore that Petitioner is challenging his challenging his convictions in Case No. CF-2005-1218 based on his pleas of no contest to five counts which resulted in sentences of ten and twenty years to run concurrently.[3] Petitioner did not move to withdraw his plea or otherwise appeal these

---

[1] The form petition begins on page 2.

[2] Petitioner has simply attached these documents without identifying them separately. The undersigned has used the designation "Attachment _" for each document which comports with the designation reflected on the Court's docket.

[3] To the extent Petitioner also intends to challenge his convictions in Case No. CF-2005-439, the recommendation for dismissal based on the failure to timely file as to CF-2005-1218 would apply as well to CF-2005-439.

convictions. Petition, p. 3 On April 17, 2006, Petitioner filed a motion for judicial review and sentence modification which was denied the following day. Petition, Attachment 4 (Motion for Judicial Review) and Attachment 2, p. 2 (Order Denying Application for Post-Conviction Relief). On June 7, 2006, Petitioner filed an application for post-conviction relief, raising five claims which was denied by the district court on August 16, 2006. Petition, Attachment 2. That denial was affirmed on appeal by the OCCA by order dated October 17, 2006. Petition, Attachment 7. The Oklahoma County District Court docket in CF-2005-1218 also reflects an application to withdraw his plea filed on February 15, 2007, and denied the next day and a pro se application for writ of habeas corpus and brief in support filed by Petitioner on April 12, 2007, which was apparently addressed by an order the following day although the substance of that order is not available to the undersigned.[4] *See* The Oklahoma State Courts Network, *State v. Quilliams*, Case No. CF-2005-1218, at http://www.oscn.net (accessed May 28, 2010). No further filings by Petitioner are reflected in the dockets of either CF-2005-1218 or CF-2005-439.

## Analysis

I.  **Screening Requirement**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner

---

[4]The docket sheet in CF-2005-439 likewise reflects similar filings and judicial orders on these dates.

3

is not entitled to relief . . . ." It is appropriate for the Court to raise the issue of timeliness of a habeas petition *sua sponte* under Rule 4. *Day v. McDonough,* 547 U.S. 198, 209 (2006)("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). In the space given on the petition form to explain why the one-year statute of limitations does not bar his petition, Petitioner simply states "None." Petition, p. 14. However, he will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation. *See Smith v. Dorsey,* No. 93-2229, 1994 WL 396069 (10th Cir. 1994) (unpublished op.) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman v. Reynolds,* 971 F.2d 500 (10th Cir. 1992)).

## II. Applicable Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. §2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not invoked any of the provisions in § 2244(d)(1)(B), (C), or (D). Therefore, the timeliness of the petition has been considered under § 2244(d)(1)(A).

Based on the information provided by Petitioner, the petition is clearly untimely. According to the petition and documents attached, Petitioner entered his plea of no contest and was sentenced on November 23, 2005. Petition, p. 2 and Attachment 1 (Judgment and Sentence). Under Oklahoma law he had ten days from that date to move to withdraw his plea. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Petitioner does not assert that he attempted to withdraw his plea and admits that he did not appeal. Petition, p. 3. As a result, his conviction became final for purposes of § 2244(d)(1)(A) on December 3, 2005. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's convictions pursuant to guilty pleas were final ten days after entry judgment and sentence where petitioner failed to appeal conviction) (citing Okla. Stat. tit. 22, § 1051; OCCA Rule 4.2). Therefore, the one-year limitations period began to run on Petitioner's

conviction on December 3, 2005, and Petitioner had until December 3, 2006, to file his federal habeas action. *Malone v. State*, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (unpublished op.) (the one year limitation period should be calculated using anniversary date method, citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until May 20, 2010. Thus, absent statutory or equitable tolling, the petition is clearly untimely under § 2244(d)(1)(A).

## A. **Statutory Tolling**

The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending," 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). On April 17, 2005, Petitioner filed a motion for judicial review, requesting reduction or modification of his sentence. Petition, Attachment 4. That motion was denied by the district court on April 18, 2005. Petition, Attachment 2, p. 2. On June 7, 2006, Petitioner filed an Application for Post Conviction Relief which was denied by the district court on August 16, 2006. *Id.* That denial was affirmed by the OCCA in an Order dated October 17, 2006. Petition, Attachment 7. The undersigned has considered whether any of those actions operated to toll the limitation period.

Motions for judicial review which are filed under Okla. Stat. 22, § 982a, seek discretionary review and are not appealable and therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitation period. *See Nicholson v. Higgins*,

6

No. 05-7032, 2005 WL 1806446 (10th Cir. 2005) (unpublished op.). Thus, the limitation period was not tolled during the time Petitioner's motion for judicial review was pending (from April 17, 2006 through April 18, 2006).[5]

Petitioner's application for post-conviction relief, filed on June 7, 2006, was filed within the one-year limitation period and thus did toll the limitation period pursuant to § 2244(d)(2). Because Petitioner's application was filed with approximately 180 days left in the limitation period, once the application was denied by the OCCA on October 17, 2006, the limitation period began to run again, and expired approximately April 17, 2007. The district court docket shows that Petitioner did file an application to withdraw his plea on February 15, 2007, which application was denied by the trial judge the following day. *See* OSCN, *supra* (Docket entry 2/15/07). Thereafter, on April 12, 2007, Petitioner filed a pro se application for a writ of habeas corpus in the trial court which was also denied one day later. *Id.* Even if these two events tolled the limitations period, the brief pendency would not affect the timeliness of this action. Absent a basis for equitable tolling, the petition, filed on May 10, 2010, is time-barred.

Equitable Tolling

The Tenth Circuit has held that the limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). *See also Lawrence v.*

---

[5]Clearly, even if this action tolled the limitations period, its brief pendency would not affect the timeliness of the habeas action.

*Florida*, 549 U.S. 327, 336 (2007). However, equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted). It is Petitioner's burden to demonstrate extraordinary circumstances beyond his control that caused the untimely filing and that he diligently pursued his federal habeas claims. *Miller*, 141 F.3d at 977-78; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

As noted, *supra*, Plaintiff has not offered any claim that his failure to file a timely habeas petition was caused by such extraordinary circumstances. In any event, Petitioner clearly fails to show the required diligence in pursuing his claims for habeas relief. After the denial of his application for a writ of habeas corpus was denied on April 12, 2007, there is no indication in the record that Petitioner made any attempt to raise his habeas claims until he filed this action over three years later. The record reflects no explanation or justification for Petitioner's lack of diligence. The undersigned finds that Petitioner has not pled facts sufficient to support equitable tolling of the limitations period. *Loving v. Mahaffey*, No. 01-7063, 27 Fed. Appx. 925, 926 (10th Cir. Dec. 10, 2001) (holding that equitable tolling was

unavailable due to the habeas petitioner's lack of diligence, notwithstanding his placement of blame on his attorney for failure to file a notice of appeal as requested).

Accordingly, the undersigned finds that Petitioner has shown neither "extraordinary circumstances" which would warrant equitable tolling in this case nor due diligence in pursuing his federal habeas claim. Thus, the application of the doctrine of equitable tolling is not appropriate here.

In sum, the instant petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), and the undersigned recommends summary dismissal of the action with prejudice.

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed. Petitioner is advised of his right to object to this Report and Recommendation by the 17th day of June, 2010, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 28th day of May, 2010.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE